SAMUEL HOARD, plaintiff in error, *v.* NOAH BULKLEY, defendant in error.

*Error to Cook.*

A. sued B. in an action of *assumpsit* in 1844, but the suit was finally dismissed at the plaintiff's costs. The clerk of the Circuit Court, in taxing the costs, charged the plaintiff with a jury fee of three dollars. On these facts, the Circuit Court in 1846 decided that it was improperly taxed: *Held,* that a jury fee is only taxable in such causes as are tried by a jury.

MOTION in the Cook Circuit Court at the November term 1846, made by the defendant in error, to quash a fee bill. The motion was sustained by the Circuit Court, the Hon. Richard M. Young presiding. The cause is brought into this Court upon an agreed statement of facts, which are briefly stated by the Court.

The cause was here submitted upon this statement, and the following argument filed by

*S. Hoard, pro se.*

The defendant objects to the decision of the Court below, because the 19th section of the Act in relation to jurors is mandatory, and cannot be construed to apply merely to actions thereafter to be commenced, but must apply to cases thereafter to be decided. The law is clearly intended to create a special fund for the payment of jurors; and the services of jurors were required as much to dispose of all cases on the docket at the time of the passage of the Act, as those which might be instituted thereafter. The 19th section requires, that a jury fee shall be taxed in each suit, to constitute a special fund for the payment of jurors. What jurors? All that might thereafter attend upon Courts. In what cases? The cases thereafter to be disposed of. The costs of a suit cannot be taxed until the services are performed, and the entire costs could not be ascertained, and the fee bill made out, until the case was disposed of. If a jury is required at all, it must be at the final disposition of the case, and the fund being specially created for the payment of jurors' services, it must be raised to pay for services performed after the passage of the Act, and from the cases disposed of thereafter.

For illustration: Suppose that a law should be passed increasing or decreasing the sheriff's fees for serving a process of law, and it became necessary that an *alias* process should be issued and served, under what law would the sheriff make his return, and calculate his fees? Clearly, under the law in force at the time the services were performed. So in this case, the law in question requires a jury fee of three dollars to be taxed with the costs of each suit. The jury attend and perform their services, and the case is tried and disposed of after the passage of the Act regulating the mode of creating a fund to pay their services. So that it would seem most clear, that the Court erred in deciding

that the law was only applicable to cases commenced after and not before the passage of the Act.

It was contended on the trial in the Court below, that the law in question could not be construed literally, because, to take a jury fee in all cases, would include Chancery as well as Common Law proceedings, and no jury being allowed in the disposition of Chancery suits, it would be manifestly unjust and wrong to charge a jury fee in suits where their services were not required.   In answer, it may be said, that the law is designed to create a special fund in the nature of a tax upon judicial proceedings, to defray a portion of the expenses necessary to their ultimate disposition, and it matters nothing whether it be in the nature of a jury fee, or docket fee.   The former law in relation to docket fees had been so modified, that but a very small amount was received from that source, and this charge of three dollars was undoubtedly directed by the Legislature, to make up the deficiency which had arisen from curtailing the docket fee. The jury and docket fees are both appropriated to a common purpose, and being intended as a tax upon judicial proceedings to create a fund for a specific purpose, it would seem that the fee should be taxed, as well in Chancery as Common Law cases.   But whether this be true or not in relation to Chancery proceedings, the reasoning is not applicable to the case under consideration.   This cause was on the Common Law docket,—a jury was in attendance to try the Common Law suits, and if the plaintiff preferred to abandon his case, and dismiss it without impaneling a jury, he could not exonerate himself from the liability which the law imposed upon him, to defray his proportion of the expense incident to the calling of a jury to attend upon the Court during the term at which his suit was disposed of.

This being an agreed case, in which the parties themselves have little or no interest, but made with a view of having the law determined, and being one, the decision of which is vastly important to the public, it is hoped the Court will make their decision to cover the entire ground, and embrace Common Law and Chancery cases.

Hoard *v.* Bulkley.

The Opinion of the Court was delivered by

TREAT, J.    Bulkley commenced an action of *assumpsit* against Shelby in the year 1844.   The cause was continued from term to term without a trial, till March, 1846, when it was dismissed by the plaintiff at his costs.   The clerk, in taxing the costs, charged the plaintiff with a jury fee of $3·00.   On the foregoing state of facts, the Circuit Court decided that the jury fee was improperly taxed.   That decision is assigned for error.   The only provisions of the statute which have any bearing on the question, are as follow:   "A jury fee of three dollars shall be taxed with the costs of each suit, which, with the docket fee provided by law, shall be collected by the clerk of the Court, and paid into the county treasury, there to remain and be held as a special fund for the payment of jurors."   Rev. Stat. 311, § 19.   "No docket fee shall be charged where final judgment or decree shall be for costs only, nor when the case shall be decided without impaneling a jury, nor in suits which do not originate in the Circuit Court."   Rev. Stat. 243, § 12.   It is the opinion of this Court, that a jury fee is only taxable in such causes as are tried by a jury.

The judgment of the Circuit Court is, therefore, affirmed with costs.

*Judgment affirmed.*